**IT IS ORDERED as set forth below:**


**Date: February 4, 2026**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Georgia ProtonCare Center, Inc.,[1] | Case No. 26-50882-JWC |
| Debtor. | |

**ORDER APPOINTING EPIQ CORPORATE RESTRUCTURING, LLC AS**
**CLAIMS AND NOTICING AGENT EFFECTIVE AS OF PETITION DATE**

Upon the application (the "**Section 156(c) Application**")[2] of the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order, pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Bankruptcy Rule 2002, appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as the Claims and Noticing Agent in the Debtor's Chapter 11 Case effective as of the Petition Date, to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the

---

[1] The Debtor's mailing address is 615 Peachtree St. NE, Atlanta, Georgia 30308. The last four digits of the Debtor's federal tax identification number are 5208.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Section 156(c) Application.

108571402.2

proofs of claim filed in the Debtor's Chapter 11 Case, and (c) provide such other administrative

services as required by the Debtor that would fall within the purview of services to be provided

by the Clerk's office, all as more fully set forth in the Section 156(c) Application; and this Court

having jurisdiction to consider the Section 156(c) Application and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Section 156(c) Application and

the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Section 156(c) Application having been provided to the Notice Parties under the

circumstances, and it appearing that no other or further notice need be provided; and this Court

having held a hearing to consider the relief requested in the Section 156(c) Application (the

"**Hearing**"); and upon the First Day Declaration and the Warso Declaration, the record of the

Hearing, and all proceedings had before this Court; and this Court having determined that the

legal and factual bases set forth in the Section 156(c) Application establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Section 156(c) Application is granted as set forth herein.

2.      Notwithstanding the terms of the Engagement Agreement attached to the Section

156(c) Application, the Section 156(c) Application is granted solely as set forth in this Order and

solely with respect to the Claims Management and Noticing services set forth in the Services

Schedule attached to the Engagement Agreement.

3.      Pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and

Bankruptcy Rule 2002, the Debtor is authorized to retain Epiq as Claims and Noticing Agent in

this Chapter 11 Case, effective as of the Petition Date, under the terms of the Engagement

108571402.2

Agreement, and Epiq is authorized and directed to perform the Claims and Noticing Services and to receive, maintain, record and otherwise administer the proofs of claim filed in this Chapter 11 Case, and perform all related tasks as set forth in the Section 156(c) Application.

4. Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this Chapter 11 Case, and is authorized and directed to maintain the official Claims Register for the Debtor, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon request of the Clerk.

5. Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. Epiq is authorized to take such other actions as required to comply with all duties set forth in the Section 156(c) Application and this Order.

7. Epiq shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8. Without further order of this Court, the Debtor is authorized to compensate Epiq in accordance with the terms and conditions of the Engagement Agreement upon receipt of reasonably detailed monthly invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtor, the U.S.

2

108571402.2

Trustee, counsel for the Debtor, counsel for any statutory committee, and any party in interest that specifically requests service of the monthly invoices.

10.     The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices, and the parties may seek resolution of the matter from this Court if resolution is not achieved.

11.     Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, Epiq's fees and expenses incurred in connection with the Claims and Noticing Services shall be an administrative expense of the Debtor's estate.

12.     Epiq may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount of $25,000.00 and thereafter Epiq may hold the retainer during this Chapter 11 Case as security of payment of Epiq's final invoice for services rendered and expenses incurred under the Engagement Agreement.

13.     The Debtor is authorized to indemnify Epiq under the terms of the Engagement Agreement, subject to the following modifications:

a.      Epiq shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the Claims and Noticing Services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

b.      Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud as provided in this Order; (ii) for a contractual dispute in which the Debtor alleges the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant applicable law, or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order;

3

108571402.2

c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this Chapter 11 Case, Epiq believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution, or reimbursement.

14.    In the event Epiq is unable to provide the Claims and Noticing Services, Epiq shall immediately notify the Clerk and the Debtor's counsel and cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's counsel.

15.    The Debtor may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for services that are to be performed by Epiq but are not specifically authorized by this Order.

16.    Epiq shall not cease providing Claims and Noticing Services during this Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

17.    In the event of any inconsistency between the Engagement Agreement, the Section 156(c) Application, and this Order, this Order shall govern.

18.    The Debtor and Epiq are authorized to take all action necessary to effectuate the relief granted in this Order.

4

108571402.2

19.     Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF DOCUMENT**

5

108571402.2

Prepared by:

*/s/ David E. Gordon*

David E. Gordon (GA Bar No. 111877)
Ashley D. Champion (GA Bar No. 423962)
1201 West Peachtree Street NW, Suite 1100
Atlanta, Georgia 30309
Telephone: (404) 253-6000
Facsimile: (404) 253-6060
dgordon@polsinelli.com
achampion@polsinelli.com

-and-

Christopher A. Ward (DE Bar No. 3877)
Shanti M. Katona (DE Bar No. 5352)
Katherine M. Devanney (DE Bar No. 6356)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
kdevanney@polsinelli.com

*Proposed Counsel to the Debtor and*
*Debtor in Possession*

108571402.2

**Distribution List**

Georgia ProtonCare Center, Inc.
c/o BDO Consulting Group, LLC,
600 Anton Blvd, Suite 500, Costa Mesa, CA 92626,
Attn: Darryl Myers

Polsinelli PC
1201 W. Peachtree St. NW
Atlanta, GA 30309
Attn: David E. Gordon and Ashley D. Champion

Polsinelli PC
222 Delaware Ave #1101
Wilmington, DE 19801
Attn: Shanti M. Katona, Christopher A. Ward, and Katherine M. Devanney

108571402.2

United States Bankruptcy Court

Northern District of Georgia

In re:                                                                                          Case No. 26-50882-jwc

Georgia ProtonCare Center Inc.                                                  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 113E-9 | User: bncadmin | Page 1 of 2 |
| Date Rcvd: Feb 04, 2026 | Form ID: pdf408 | Total Noticed: 5 |

The following symbols are used throughout this certificate:

**Symbol     Definition**

+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 06, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Georgia ProtonCare Center Inc., 615 Peachtree St. NW, Atlanta, GA 30308 |
| + | Georgia ProtonCare Center, Inc., c/o BDO Consulting Group, LLC, Attn: Darryl Myers, 600 Anton Blvd, Suite 500, Costa Mesa, CA 92626-7167 |
| + | Katherine M. Devanney, 222 Delaware Ave #1101, Wilmington, DE 19801-1824 |
| + | Polsinelli PC, Attn: Shanti M. Katona, Christopher A. Ward, 222 Delaware Ave #1101, Wilmington, DE 19801-1824 |
| + | Polsinelli PC, 1201 W. Peachtree St. NW, Attn: David E. Gordon, and Ashley D. Champion, Atlanta, GA 30309-3449 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 06, 2026           Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 4, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan Hinderleider | on behalf of U.S. Trustee United States Trustee Alan.Hinderleider@usdoj.gov |
| Ashley Champion | on behalf of Debtor Georgia ProtonCare Center Inc. achampion@polsinelli.com |
| David E. Gordon | on behalf of Debtor Georgia ProtonCare Center Inc. dgordon@polsinelli.com ATLDocketing@polsinelli.com;rbanks@polsinelli.com |
| David S. Weidenbaum | |

District/off: 113E-9                          User: bncadmin                              Page 2 of 2
Date Rcvd: Feb 04, 2026                       Form ID: pdf408                             Total Noticed: 5

    on behalf of U.S. Trustee United States Trustee david.s.weidenbaum@usdoj.gov

Epiq Corporate Restructuring, LLC
    sgarabato@epiqsystems.com  ecr@ecf.epiqsystems.com

Gary W. Marsh
    on behalf of Interested Party Emory University gary.marsh@troutman.com  wlbank@troutman.com

Jeffrey D. Cawdrey
    on behalf of Creditor Varian Medical Systems  Inc. jcawdrey@grsm.com, asoto@grsm.com

Megan M. Adeyemo
    on behalf of Creditor Varian Medical Systems  Inc. madeyemo@gordonrees.com, asoto@grsm.com

Pierce Rigney
    on behalf of Interested Party Emory University pierce.rigney@troutman.com  WLBANK@troutman.com

Walter E. Jones
    on behalf of Creditor UMB Bank  N.A. wjones@balch.com, fednoticesatl@balch.com


TOTAL: 10